UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| Intec, Inc.<br>7600 Corporate Center Drive<br>Suite 400<br>MiamiFlorida33014 | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civ. Action No |
| Otter Products, LLC<br>209 South Meldrum Street<br>Fort Collins, CO 80521 | )<br>)<br>)<br>) | |
| Defendant. | )<br>)<br>) | |

## DECLARATORY JUDGMENT COMPLAINT AND JURY TRIAL REQUEST

COMES NOW the Plaintiff, Intec, Inc. (hereinafter "Intec"), and for its cause of action against Defendant, Otter Products, LLC (hereinafter "Otter"), for a declaratory judgment of non-infringement, Intec alleges:

### THE PARTIES

1. Plaintiff Intec, Inc. is a corporation organized under the laws of the State of Florida, with a principal place of business at 7600 Corporate Center Drive, Suite 400, Miami Florida 33014.

2. Defendant Otter Products, LLC is, upon information and belief, a limited liability company of the State of Colorado, with a principal place of business at 209 South Meldrum Street, Fort Collins, CO 80521.

## JURISDICTION AND VENUE

3. This action arises under the patent law of the United States, Title 35 of the United States Code, the trademark laws of the United States, Title 15 of the United States, and the laws of the State of Florida.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1338 and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq* for a declaratory judgment of non-infringement of U.S. Patents Nos. D638005 (the "'005 Patent"), D621394 (the "'394 Patent"), and D617785 (the '785 Patent") (Collectively "the Otter Patents") and U.S. Trademark Reg. No. 3632231 (the "'231 Registration").  This action also arises under the laws of the State of Florida in so far as Otter has tortuously interfered with the actual and prospective business relationships of Intec.

4. This action is based upon an actual and continuing controversy between Intec and Otter with respect to the non-infringement of the Otter Patents and the '231 Registration.

5. This Court has jurisdiction over Otter based upon its contacts with the State of Florida, including sales of its products in Florida, and its purposeful contacts with Intec relating to the Otter Patents and the '231 Registration.  In addition, Otter promotes and sells its products through the Internet on its web site at http://www.otterbox.com/, which is reachable from Florida and through which Otter sells products into Florida.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400.

## FACTS COMMON TO ALL COUNTS

7.  Intec is the successor in interest by way of merger to I-Tec Electronics, Inc. Intec operates I-Tec as a division of Intec.

8.  Intec is and has been engaged in the development and sale of protective covers for cell phones marketed under the name LUXE ARMOR.

9.  Intec promotes its LUXE ARMOR cell phone protectors and other goods through the Internet, retailers and through distributors, such as Petra Products. Intec markets and sells the model T3137 for the BlackBerry Bold 9700, the model T3138 for the BlackBerry Curve 8520/8530, and the model T7033 for the iPhone 4.

10. On or about November 11, 2011, Intec received a letter addressed to I-Tec from Kelly Frazier of Otter accusing Intec of infringing the Otter Patents and the '231 Registration and demanding that Intec cease and desist from sales of LUXE ARMOR cell phone covers for the iPhone 4, Blackberry 8520 and Blackberry 9700 cell phones. The letter also demanded that Intec recall all such products, provide Otter with an accounting, agree to disgorge profits and identify the suppliers of those products. A copy of the letter is attached as Exhibit 1.

11. Upon information and belief, on November 11, 2011, John McKinney, Brand Protection Specialist for Otter, emailed Mr. Morgan & Ms. McNew of Petra and provided them with a copy of the cease and desist letter to Intec. His email purported to be a follow-up to a telephone call to Tyler Smith and Brian Jacoby of Petra.

12. By letter of November 18, 2011, counsel for Intec faxed Ms. Frazier to seek information about the substance of the cease and desist letter. The letter also stated that there was no basis for any allegations of infringement.

13. On November 21, 2011, counsel for Intec spoke with Ms. Frazier who asserted that the Otter Patents were being infringed and also the '231 Registration. She reiterated Otter's demand that Intec withdraw the products.

## COUNT I

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '005 PATENT

14. Intec repeats paragraphs 1-13 as if set forth herein.

15. An actual controversy exists between Intec and Otter regarding infringement of the '005 Patent.

16. Unless prevented by this Declaratory Judgment Action Otter will continue to wrongly assert infringement by Intec of the '005 Patent.

17. Intec is not infringing, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any of Otter's rights, if any, in the '005 Patent. Accordingly, Intec is entitled to a declaratory judgment that it is not infringing any of Otter's rights in, to or under the '005 Patent.

## COUNT II

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT
### OF THE '394 PATENT

18. Intec repeats paragraphs 1-13 as if set forth herein.

19. An actual controversy exists between Intec and Otter regarding infringement of the '394 Patent.

20. Unless prevented by this Declaratory Judgment Action Otter will continue to wrongly assert infringement by Intec of the '394 Patent.

21. Intec is not infringing, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any of Otter's rights, if any, in the '394 Patent.

22. Accordingly, Intec is entitled to a declaratory judgment that it is not infringing any of Otter's rights in, to or under the '005 Patent.


## COUNT III

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '785 PATENT

23. Intec repeats paragraphs 1-13 as if set forth herein.

24. An actual controversy exists between Intec and Otter regarding infringement of the '785 Patent.

25. Unless prevented by this Declaratory Judgment Action Otter will continue to wrongly assert infringement by Intec of the '785 Patent.

26. Intec is not infringing, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any of Otter's rights, if any, in the '785 Patent.

27. Accordingly, Intec is entitled to a declaratory judgment that it is not infringing any of Otter's rights in, to or under the '785 Patent.

### COUNT IV

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '231 REGISTRATION

28. Intec repeats paragraphs 1-13 as if set forth herein.

29. An actual controversy exists between Intec and Otter regarding infringement of the '231 Registration.

30. Unless prevented by this Declaratory Judgment Action Otter will continue to wrongly assert infringement by Intec of the '231 Registration.

31. Intec is not infringing, directly or indirectly, literally or under the doctrine of equivalents, willfully or otherwise, any of Otter's rights, if any, in the '231 Registration.  Accordingly, Intec is entitled to a declaratory judgment that it is infringing any of Otter's rights in, to or under the '231 Registration.

## COUNT V

### TORTIOUS INTERFERENCE WITH ACTUAL
### AND PROSPECTIVE BUSINESS RELATIONS

32. Intec repeats paragraphs 1-13 as if set forth herein.

33. An actual controversy exists between Intec and Otter regarding infringement of the Otter Patents and the '231 Registration.

34. Intec has an existing business relationship with customers for its products including Petra Products. Intec promotes its LUXE ARMOR cell phone protectors and other goods through the Internet, retailers and through distributors, such as Petra Products.

35. Upon information and belief, on November 11, 2011, John McKinney, Brand Protection Specialist for Otter, emailed Mr. Morgan & Ms. McNew of Petra and provided them with a copy of the cease and desist letter to Intec, which is attached as Exhibit 1 hereto.  Thus, Otter has knowledge of Intec's business relationship with Petra.

36. Otter's contact with Petra is an intentional and unjustified interference with the relationship between Intec and Petra by Otter, which caused damages to Intec.

37. Defendant is fully aware of the limitations and deficiencies of the Otter Patents and the '231 Registration and it has nonetheless improperly leveraged the Otter Patents and the '231 Registration in order to interfere with Intec business and hamper fair competition in the marketplace.

38. Otter's statements to Petra were objectively baseless and made in bad faith as Otter was aware that the Intec products in question could not and did not infringe the Otter Patents.

39. Further, Otter's statements to Petra were objectively baseless and made in bad faith as Otter was aware that Intec's use of the designation Luxe Armor could not and did not infringe the '231 Registration.

40. Unless prevented by this Action, Otter will continue to wrongly assert infringement by Intec of the Otter Patents and the '231 Registration to the detriment and damage of Intec.

WHEREFORE, Plaintiff Intec prays that judgment be entered by this Court in its favor and against Defendant Otter providing the following relief:

A. A judgment be entered in favor of Intec and against Otter that neither Intec nor any of its customers, dealers, distributors or agents have infringed any rights owned by Otter, including any rights in the Otter Patents or the '231 Registration;

B. A judgment be entered declaring that Intec has not infringed the Otter Patents;

C. A judgment be entered that Intec has not infringed the '231 Registration;

D. A permanent injunction that prohibits Otter, including its officers, directors, agents and anyone acting on its behalf of or in concert with it from asserting that Intec or any of its

customers, dealers, distributors or agents has infringed any of Otter's rights, including any in the Otter Patents or the '231 Registration;

      E.  That the case be judged and decreed exceptional and that Intec be awarded its costs and attorney fees pursuant to 35 U.S.C. § 285 or as otherwise permitted by law;

      F.  That Intec be compensated to the fullest amount available under the law on account of Otter's tortious interference with Intec's actual and prospective business relations; and

      G.  Such other and further relief as may be proper and just.

<u>**JURY DEMAND**</u>

      Plaintiff hereby demands trial by jury on all issues so triable.

Dated: December 05, 2011.

          Respectfully submitted,

          PERETZ CHESAL & HERRMANN, P.L.
          Attorneys for Plaintiff
          Miami Center – Suite 1750
          201 So. Biscayne Blvd.
          Miami, Florida 33131
          Telephone:  (305) 341-3000
          Facsimile:   (305) 371-6807

          By:____/s/ Steven I. Peretz_____
               Steven I. Peretz
               Fla. Bar No. 329037
               speretz@pch-iplaw.com
               Michael B. Chesal
               Fla. Bar No. 775398
               *mchesal@pch-iplaw.com*